IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **CYNTHIA CAROSELLA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-00805-KMT |
| ) | |
| **ONE WORLD TRANSLATION &** ) | |
| **ASSOCIATES, INC.**, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFF'S THIRD AND FOURTH CLAIMS FOR RELIEF**

Defendant One World Translation & Associates, Inc. ("OWT"), by its undersigned counsel, respectfully moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), for dismissal of Plaintiff Cynthia Carosella's ("Carosella") third and fourth claims for relief in her Title VII Complaint (ECF No. 6). As grounds therefore, OWT states as follows:

**INTRODUCTION**

Carosella's action arises out of her employment with OWT in 2013. Carosella alleges that OWT violated Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq.*, by discriminating against her because of her sex with respect to pay and terminating her employment in retaliation for activity protected by that statute. While OWT denies these allegations, it acknowledges that they state a cognizable claim for relief.

However, Carosella appends to her Title VII Complaint state-law claims for defamation and intentional infliction of emotional distress, arising largely out of the same allegations as her Title VII claims. Carosella has not pled facts sufficient to support these claims. Accordingly, this Court should dismiss them pursuant to F.R.C.P. 12(b)(6).

## SUMMARY OF FACTUAL ALLEGATIONS IN COMPLAINT

OWT is a company that supplies interpretation services across Colorado. See Title VII Complaint at ¶ 8. Carosella was employed by OWT as a full-time human relations manager beginning on February 26, 2013 and concluding with her quitting on August 26, 2013. *Id.* at ¶¶ 11, 43-45. Carosella's claims are based largely on allegations that OWT paid male employees more than female employees, that she encouraged OWT's CEO, Carolina Weaver ("Weaver"), to increase the pay rates for female administrators within the company, and that OWT constructively discharged her from employment in retaliation for this "protected activity." (Complaint at ¶ 20).

As relevant to her third and fourth claims for relief, Carosella alleges the following facts (as distinct from conclusions):

- OWT rescinded an offer to give Carosella a pay raise, *Id.* at ¶ 23;

- Weaver threatened to fire Carosella if Carosella disagreed with her again, *Id.* at ¶ 27;

- OWT suggested that Carosella form an "exit strategy," *Id*. at ¶ 32;

- OWT subjected Carosella to supervision by "Yeager," formerly a subordinate, and to close monitoring by Carosella's three peers, *Id.*;

- Weaver attempted to find Carosella at fault, including falsely accusing Carosella of secretly listening to internal sales team calls, interfering with a hiring, trying to take over the company, causing polarization, and causing stress for an employee, *Id.* at ¶¶ 34-35;

- Weaver told Carosella to "stop talking," and screamed at her that if she ever embarrassed Weaver again, Weaver would "fire her on the spot," *Id.* at ¶ 36;

- Weaver did not acknowledge Carosella for securing a large customer for the company or for "kickstarting" a campaign to expand into Wyoming, *Id.* at ¶ 38;

- Over a period of two days, Weaver "bombarded" Carosella with emails falsely accusing her of "rigging" an unemployment appeal hearing to "pad her resume with legal experience," *Id*. at ¶ 42; and

- During the week of August 19, Weaver repeatedly "publicly berated" Carosella.

### STANDARD OF REVIEW

In order for a complaint to survive a Rule 12(b)(6) motion to dismiss, the well-pled, non-conclusory allegations of fact it contains "must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). The court must accept all well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the Carosella. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002), for which reason the numerous conclusory allegations in the Title VII Complaint have been excluded from the foregoing recitation of material allegations. A complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain a recovery under some viable legal theory. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

**I.   CAROSELLA'S THIRD CLAIM FOR RELIEF SHOULD BE DISMISSED BECAUSE IT IS CONCLUSORY AND FAILS TO STATE SUFFICIENT FACTS TO SUPPORT A CAUSE OF ACTION**

Carosella's third claim for relief does not state a specific cause of action. For the sake of this motion, OWT assumes the claim purports to allege defamation. To state a cause of action for

3

defamation under Colorado law, Carosella must allege: (1) a defamatory statement concerning another; (2) published to a third party; (3) with fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special damages or the existence of special damages to Carosella caused by the publication. *TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1183 (10th Circ. 2007) (citing *Williams v. Dist. Ct., Second Judicial Dist.*, 866 P.2d 908, 911 n.4 (Colo. 1993)). In Colorado, "[d]efamation is a communication that holds an individual up to contempt or ridicule thereby causing him to incur injury or damage.*"* *Keohane v. Stewart*, 882 P.2d 1293, 1297 (Colo. 1994).

Carosella's Title VII Complaint contains no well-pled facts establishing publication of defamatory statements to a third party. There are plenty of allegations of specific statements *to Carosella*, but the only allegations of statements to third parties consist of little more than a bare recitation of the elements of a claim for defamation. *See* Title VII Complaint, at ¶¶ 53-55.

This is particularly problematic in the context of a claim for defamation. "[i]n the context of a defamation claim, Fed.R.Civ.P. 8(a) requires that the complaint provide sufficient notice of the communications complained of to allow Continental to defend itself." *McGeorge v. Cont'l Airlines, Inc.*, 871 F.2d 952, 955 (10th Cir. 1989) (internal citations omitted). Applying *McGeorge*, district courts have held that:

> In practice, defamation claims present a "significant exception" to general liberal pleading standards because defamation constitutes a "traditionally disfavored" cause of action. To sufficiently plead her defamation claim, plaintiff must set forth in her complaint the allegedly defamatory words, the communicator of those words, the persons to whom those words were published and the time and place of publication.

*Heckman v. Zurich Holding Co. of Am.*, No. CIV.A. 06-2435-KHV, 2007 WL 677607, at *5 (D. Kan. Feb. 28, 2007) (internal citations omitted). *See also Lewis v. Herrman's Excavating, Inc.*, No. 00-4036, 2000 WL 33407060, at *4 (D. Kan. Nov. 2, 2000), citing 5A Wright & Miller, Fed.

4

Prac. & Proc., § 1357 ("when the complaint attempts to state a "traditionally disfavored" cause of action, such as defamation, courts have construed the complaint by a stricter standard"). Because Carosella's Third Claim for Relief fails to give OWT adequate notice of the allegedly defamatory statements against which it must defend, that claim should be dismissed.

## II.   CAROSELLA'S CLAIM ALLEGING INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED, BECAUSE IT DOES NOT ALLEGE FACTS AMOUNTING TO "OUTRAGEOUS CONDUCT"

A claim for intentional infliction of emotional distress is established where: (1) the plaintiff shows the defendant engaged in extreme and outrageous conduct; (2) the defendant engaged in such conduct recklessly or with the intent of causing the plaintiff severe emotional distress; and (3) the defendant's conduct caused the plaintiff to suffer severe emotional distress. *Culpepper v. Pearl St. Bldg., Inc.*, 877 P.2d 877, 882 (Colo. 1992).

The Colorado Supreme Court first recognized a cause of action for outrageous conduct in *Rugg v. McCarty*, 177, 476 P.2d 753 (Colo. 1970). In doing so, that Court expressly endorsed Restatement language which emphasizes just how bad conduct has to be in order for it to be actionable as "outrageous:" "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* p. 756, quoting Restatement (Second) Torts § 46 comment d at 73 (1965). So high is this threshold, that "very few fact situations give rise to a cognizable claim for intentional infliction of emotional distress." *Rawson v. Sears Roebuck & Co.*, 530 F.Supp. 776, 780 (D. Colo. 1982) (case arising from employment context). "While the issue of whether certain conduct is outrageous is a question of fact, plaintiff must establish a minimum threshold level of conduct to maintain a cause of action for outrageous conduct." *Palmer v. Denver Health & Hosp. Auth.*, No. CIV.A.05-CV-82WYDOES, 2005 WL 2064338, at *2 (D. Colo. Aug. 25, 2005).

5

While the conduct alleged by Carosella may be "unreasonable, unkind [and] unfair," *Grandchamp v. United Air Lines, Inc.*, 854 F.2d 381, 383 (10th Cir. 1988), it does not clear the high threshold of "outrageous." For example, in *Coors Brewing Co. v. Floyd*, 978 P.2d 663 (Colo. 1999), the Colorado Supreme Court "accept[ed] as true Floyd's allegations that Coors engaged in an extensive criminal conspiracy involving illegal drugs and money laundering and that Coors fired Floyd to scapegoat him for these crimes." *Id.* at 666. Nonetheless, the Court concluded, as a matter of law on a motion to dismiss, that even those facts did not suffice to state a claim for outrageous conduct. While Carosella similarly alleges that OWT made a number of false allegations against her, her allegations do not even rise to the level of those before the *Floyd* court, let alone meet the threshold required for actionable "outrageous conduct."

## CONCLUSION

WHEREFORE, Defendant One World Translation & Associates, Inc. respectfully requests that this Court grant its motion to dismiss with prejudice plaintiff Cynthia Carosella's third and fourth claims for relief.

Respectfully submitted this 22nd day of June, 2016.

JESTER GIBSON & MOORE, LLP

*s/ Brian T. Moore*
Brian T. Moore
1999 Broadway, Suite 3225
Denver, Colorado 80202
(303) 339-4779
Bmoore@jgllp.com

**ATTORNEYS FOR DEFENDANT ONE WORLD TRANSLATION & ASSOCIATES, INC.**

**CERTIFICATE OF SERVICE**

      I certify that on this 22nd day of June, 2016, a true and correct copy of the foregoing **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AND FOURTH CLAIMS FOR RELIEF** was served upon the following via CM/ECF and U.S. mail:

Cynthia Carosella
880 Gilpin Dr.
Boulder, Colorado 80303

                                                   *s/ Cristina Tostado*
                                                   Cristina Tostado, Paralegal