IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:16-cv-00805-KMT

CYNTHIA CAROSELLA, an individual

Plaintiff

v.

ONE WORLD TRANSLATION, INC., a Colorado company

Defendants

---

## AMENDED ANSWER TO SECOND AMENDED COMPLAINT AND JURY TRIAL DEMAND

---

Defendant, One World Translation & Associates, Inc. ("One World"), by its counsel, Jester Gibson & Moore, LLP, hereby submits its Answer to the Second Amended Complaint and Jury Trial Demand against Plaintiff, Cynthia Carosella ("Carosella").

### I.      Parties

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

### II.      Jurisdiction and Venue

5.      Admitted.

6.      One World admits that this Court has jurisdiction over this matter but denies all remaining allegations.

### III.     Administrative Procedures

7.     Admitted.

8.     Admitted.

9.     Admitted.

10.     Admitted.

11.     Admitted.

### IV.     Factual Allegations

12.     This allegation does not require One World to admit nor deny.

13.     One World admits that it hired Carosella to the position of Human Resource Manager. It did not, however, assign Carosella the title and job duties of Human Resource Director.

14.     Admitted.

15.     One World does not have sufficient information to admit or deny this allegation.

16.     Admitted

17.     One World admits that translation services were a smaller part of One World's business but denies the remainder of the allegation.

18.     Admitted.

19.     Admitted.

20.     One World admits that Ms. Yeager was hired to work in Human Resources but denies the remainder of the allegation.

21.     Denied.

22.     Admitted.



23.     One World admits that Ms. Weaver and Carosella had a generally positive working relationship during this period but denies the remainder of this allegation.

24.     Denied.

25.     Admitted.

26.     Denied.

27.     Denied.

28.     Admitted.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     One World does not have sufficient information to admit nor deny this allegation.

34.     Denied.

35.     Denied.

36.     One World admits that the One World Employee Handbook policy does direct employees to report any discrimination to Ms. Weaver. One World denies the remainder of the allegation.

37.     Ms. Weaver recalls one instance in February or March of 2013 where Carosella made some comments to her regarding Carosella's thoughts on the pay rates for interpreters. One World denies the remainder of the allegation and specifically denies that Carosella expressed any concerns regarding gender disparity or discrepancy.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     This allegation is admitted to the extent that Ms. Weaver did not raise the pay rates for Ms. Martinez and Ms. Carnahan. One World denies the remainder of the allegation so far as it implies that Ms. Weaver refused to do so unfairly or improperly, or that there was any demand to increase their wages on the basis of perceived discrimination.

43.     Denied.

44.     Denied.

45.     Denied

46.     This allegation is admitted to the extent that Ms. Weaver did not raise the pay rates for Ms. Martinez and Ms. Osborne. One World denies the remainder of the allegation so far as it implies that Ms. Weaver refused to do so unfairly or improperly, or that there was any demand to increase their wages on the basis of perceived discrimination.

47.     One World admits that Ms. Weaver discussed the need for some employee performance review program during a staff meeting but denies the remainder of the allegations.

48.     One World does not have sufficient information to affirm or deny as to Carosella's state of mind but denies the remainder of the allegation.

49.     One World admits that it opted to pay the male Somali interpreter in question a higher salary. It is denied as to any implication that this was improper or

discriminatory.

50.     One World admits this allegation to the extent that Ms. Weaver made statements to that effect to Carosella. It is denied in all other respects including its suggestion that Ms. Weaver was "enraged," or violent in any way.

51.     One World does not have sufficient information to admit nor deny this allegation.

52.     Denied.

53.     Denied.

54.     One World does not know to whom this allegation is referring. As such, it does not have sufficient information to admit nor deny.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     One World admits that Ms. Weaver said something to the effect of being unhappy with their current attorney. One World denies the remainder of this allegation.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied. Further, this allegation calls for a legal conclusion.

**V.     First Claim for Relief**
**(Retaliation Under 42 U.S.C. § 2000e-3 and 29 U.S.C. §§ 206(d), 215(a)(2), (3))**

65.     This allegation does not require One World to admit nor deny.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

## VI.     Second Claim for Relief
### (Libel and Libel Per Se)

73.     This allegation does not require One World to admit nor deny.

74.     Admitted.

75.     One World admits as to subparts (d) and (e) but denies as to subparts (a), (b), (c), and (f).

76.     One World does not have sufficient information to admit nor deny this allegation.

77.     Denied.

78.     Denied.

## VII.     Third Claim for Relief
### (Sex Discrimination Under Title VII)

79.     This allegation does not require One World to admit nor deny.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

## VIII.    Fourth Claim for Relief
### (Intentional Infliction of Emotional Distress)

85.    This allegation does not require One World to admit nor deny.

86.    Denied.

87.    Denied.

88.    Denied.

## IX.    Fifth Claim for Relief
### (Discrimination in Compensation on the Basis of Sex in Violation of the Equal Pay Act, 20 U.S.C. § 206(d))

89.    This allegation does not require One World to admit nor deny.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

## X.    Affirmative Defenses

96.    **Failure to mitigate**: Plaintiff Carosella has not made reasonable efforts to obtain other employment or otherwise mitigate her damages after leaving her position with One World.

97.    **Statute of limitations**: Plaintiff Carosella's Second and Fourth Claims for Relief are barred, in whole or in part, by the statute of limitations.

98.    **Failure to exhaust**: To the extent that Carosella asserts that Ms. Weaver's alleged statements against her constitute retaliation, this claim has not been

properly exhausted by the administrative process.

99.     **Factors other than sex**: Any pay disparity among One World employees holding equal positions are based in merit, seniority, qualifications and quantity and quality of production.

100.    **Non-discriminatory and non-retaliatory reasons**: Even if Plaintiff's sex or protected activity had been a motivating factor in any actions taken by Defendant, which Defendant denies, the challenged action would still have been taken for non-discriminatory and non-retaliatory reasons.

101.    **Qualified immunity**: Any comments made by One World regarding Plaintiff are protected from claims of libel or libel per se by qualified immunity.

102.    **Substantial truth**: Any statements made by One World regarding Plaintiff are not libel or libel per se because they are substantially true.

103.    **After acquired evidence**: After Carosella quit, One World learned that she had wrongfully taken confidential documents from One World's office. Had Carosella not quit, One World would have terminated her for such behavior.


Respectfully submitted this 11th day of April 2017.

JESTER GIBSON & MOORE, LLP

*s/ Brian T. Moore*
Brian T. Moore
Niki V. Schwab
1999 Broadway, Suite 3225
Denver, CO 80202
(303) 377-7888
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April 2017, a true and correct copy of the foregoing **AMENDED ANSWER TO SECOND AMENDED COMPLAINT AND JURY TRIAL DEMAND** was filed with the Clerk of the United States District Court for the District of Colorado using the CM/ECF system, and served upon the following:

Thomas J. Arckey
Arckey & Associates, LLC
7951 E. Maplewood Ave, #285
Englewood, CO 80111

_s/ Cristina Tostado_____
Cristina Tostado, Paralegal